UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> DANILO ROMAN-MONROY ) <br> ) <br> Defendant. ) <br> ) | MAGISTRATE NO. 09-249-1 <br><br> **FILED** <br> APR 2 0 2009 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

### MEMORANDUM & ORDER

Now before the Court is the government's oral motion to hold defendant Roman-Monroy without bond pending action by the grand jury. The Court conducted a hearing on the matter on April 20, 2009. At the hearing, the Court heard testimony from Special Agent Timothy Ervin of the Federal Bureau of Investigation and held that probable cause existed for the arrest of the defendant. The Court also heard the government's oral motion for detention pending action by the grand jury. Upon consideration of the oral motion, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community were the defendant to be released. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending action by the grand jury.

### I.   THE GOVERNMENT'S PROFFER AND EVIDENCE

At the April 20, 2009 hearing, the government elicited testimony from Special Agent

Timothy Ervin of the FBI and made factual proffers. Special Agent Ervin testified as follows:

On and before April 13, 2009, Ervin was conducting a narcotics investigation with the help of a confidential informant. The informant arranged to meet the defendant, Roman-Monroy, in a Kentucky Fried Chicken parking lot to complete a narcotics transaction. Ervin parked behind the informant's car in his own unmarked vehicle so that he could conduct surveillance in the parking lot. The confidential informant's car was equipped with audio and video surveillance, and Special Agent Ervin was also conducting separate video surveillance. Ervin testified that shortly after the confidential informant arrived in the parking lot, a black Nissan Xterra pulled into the lot. Defendant Roman-Monroy got out of the Xterra and approached the informant's car. Roman-Monroy sat in the front passenger seat and then made a phone call. Approximately one minute after the phone call, another man, Daniel Miguel-Pascual got out of the Xterra and approached the informant's vehicle with a black plastic sack. Miguel-Pascual sat in the back seat with the black plastic sack and handed the sack up front. The informant then unwrapped the sack and examined it. Special Agent Ervin testified that the informant was told to use a prearranged signal if the transaction involved a large amount of cocaine so that officers could move in and arrest the individuals involved. The signal was for the informant to exit his vehicle and open his trunk, which the informant did after observing what was in the bag. Officers then moved in and arrested defendant Roman-Monroy. The substance was later field tested and determined to be 1,054 grams of cocaine. Furthermore, Roman-Monroy gave a statement, after he was given Miranda warnings in Spanish, and stated that he knew that the substance was cocaine and that he was attempting to sell it to the informant for $26,000.

## II.  DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending judicial proceedings where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. Among the factors a court should consider are "the nature and circumstances of the offense charged, including whether the offense is a crime of violence," whether the offense involved a firearm, and several other factors. 18 U.S.C. § 3142(g)(1). Courts also should consider the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and magnitude of the danger to the community or individual persons if the defendant should be released. *Id.* at § 3142(g)(2)-(4).

### A.   Danger to the Community

The government has carried its burden of establishing, by clear and convincing evidence, that defendant Roman-Monroy is a danger to the community.

First, the Court examines the nature and circumstances of the offense. The facts and evidence obtained during the hearing indicate that Roman-Monroy engaged in the distribution of more than 1,000 grams of crack cocaine, a schedule II controlled substance. The offense is

serious, and carries a maximum term of imprisonment of ten years or more. *See* 18 U.S.C. 3142(f)(1)(C). The weight of the evidence against the defendant is strong. The government has video, audio, and eyewitness surveillance of Roman-Monroy attempting to sell cocaine to an informant. Roman-Monroy also gave a statement following his arrest indicating his guilt. Accordingly, the Court concludes that the alleged offense is serious and that the government's evidence of the offense is strong.

The history and characteristics of Roman-Monroy also do not weigh in favor of release. The defendant has two prior convictions for possession with intent to distribute cocaine. He also has a bail jumping conviction.

After considering that the alleged offense is serious, that the government's evidence is strong, and that the history and characteristics of Roman-Monroy do not weigh in favor of release, the Court concludes that Roman-Monroy's release would pose an unreasonable danger to the community despite any conditions that could be placed on him during his release.

### B. Risk of Flight

The Court has also determined that, by a preponderance of evidence, Roman-Monroy poses a risk of flight. Roman-Monroy has previously been deported from the country and reentered illegally. He has also been convicted for bail jumping. Accordingly, in addition to the fact that he is not a citizen of the United States, he has shown a pattern of flouting official authority. Defendant would pose a risk of flight were he to be released.

### III. CONCLUSION

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that detention of the defendant is appropriate in this case pending action

by the grand jury. The Court also finds that the defendant's release, under any conditions, would pose an unreasonable danger to the community. Accordingly, it is hereby

ORDERED that the government's motion for detention pending action by the grand jury is GRANTED; it is further

ORDERED that the defendant continue to be detained without bond; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____    _4/20/09_____
Chief Judge Royce C. Lamberth        Date